16-613-cv
Lewis v. Newburgh Housing Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand seventeen.

Present:        GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.
                LAWRENCE J. VILARDO,[1]
                        *District Judge*.

_____

REGINA LEWIS,

                        *Plaintiff-Appellant*,

                v.                                          16-613-cv

NEWBURGH HOUSING AUTHORITY, MARC STARLING,
In his official capacity as Executive Director of the
Newburgh Housing Authority,

                        *Defendants-Appellees*.

_____

Appearing for Appellant:        Regina Lewis, pro se, Goshen, NY.

---

[1] Judge Lawrence J. Vilardo, United States District Court for the Western District of New York, sitting by designation.

Appearing for Appellees:     Jeffrey S. Sculley, Rider, Weiner & Frankel, P.C., New Windsor, NY.

Appeal from the United States District Court for the Southern District of New York (Smith, *M.J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and **REMANDED**.

     Regina Lewis, proceeding pro se, appeals from the February 18, 2016 decision and order of the United States District Court for the Southern District of New York (Smith, *M.J.*), dismissing her complaint which alleged that her rights were violated when her request to extend her housing voucher term was denied and the voucher was terminated. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     Lewis argues that the district court exceeded the bounds of its discretion when it failed to conduct a sua sponte inquiry into her mental capacity to determine whether it should appoint a guardian ad litem. We review a district court's decision on whether to appoint a guardian ad litem under Federal Rule of Civil Procedure 17 for abuse of discretion. *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 200 (2d Cir. 2003). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted).

     Rule 17(c) provides in relevant part that: "[t]he court must appoint a guardian ad litem-- or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). Generally, Rule 17(c) does not require a district court to make a sua sponte determination of competency whenever a question exists regarding a plaintiff's mental competence; instead, the duty to appoint a guardian ad litem is triggered by "actual documentation or testimony" of the pro se litigant's mental incompetency, *Ferrelli*, 323 F.3d at 201 n. 4. As we explained in *Ferrelli*:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

*Id.* at 201. "Standing alone [] a litigant's bizarre behavior is insufficient to trigger a mandatory inquiry into his or her competency." *Id.* at 202.

The district court here exceeded the bounds of its discretion in not conducting a sua sponte inquiry into Lewis's competency and whether it would be appropriate to appoint a guardian ad litem. What distinguishes this case from *Ferrelli* is that the district court knew Lewis was previously found incompetent in a recent federal criminal case. The district court knew that Lewis was in state custody at the Central New York Psychiatric Center at the time it declined to sua sponte consider whether to appoint a guardian ad litem. The Central New York Psychiatric Center houses involuntarily hospitalized inmates, and provides inpatient services for pre-trial detainees from 25 upstate county jails, including evaluations for competency to stand trial. *See* https://www.omh.ny.gov/omhweb/facilities/cnpc. Taken together, these facts, coupled with Lewis's inappropriate behavior, required the district court to undertake an inquiry into Lewis's competency.

To be clear, we are not concluding that the district court should have found Lewis incompetent, or that it must appoint a guardian ad litem on remand. We hold only that the district court exceeded the bounds of its discretion in not at least considering the possible application of Rule 17(c) given that it knew Lewis was previously adjudicated incompetent and that she was presently in the custody of the state in a facility that provides inpatient mental health services for state prisoners, including competency evaluations.

As we remand for the district court to consider the issue of Lewis's competency in the first instance, we express no view as to the merits of Lewis's other challenges to the district court's dismissal. Accordingly, the order of the district court hereby is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3